IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

DAVID WAYNE STEGALL,    Civil Action File No.

      Plaintiff,    2:22-CV-0076-SCJ

v.

WAL-MART STORES EAST, LP (DELAWARE)
AND ZEBA SAYEDZADA,

      Defendants.
_____/

## NOTICE OF REMOVAL

COME NOW WAL-MART STORES EAST, LP and ZEBA SAYEDZADA (erroneously named), named Defendants in the above-captioned matter, by and through their counsel of record, within the time prescribed by law, and file this Notice of Removal, showing the Court as follows:

1)

The above-named Plaintiff refiled suit against Defendant WAL-MART STORES EAST, LP and ZEBA SAYEDZADA in the State Court of Forsyth County, Georgia, which is within the Gainesville Division of this Court. 28 U.S.C.A. § 90 (a)(2). Said lawsuit is styled as above and is numbered as Civil Action File No. 22SC-0433-A. Plaintiff's claims against Defendants include claims of negligence

Page | 1

and punitive damages.

2)

Plaintiff refiled the Complaint on or about March 16, 2022. Defendants WAL-MART STORES EAST, LP and ZEBA SAYEDZADA received service of summons and a copy of the Complaint on or about April 6, 2022. Defendants WAL-MART STORES EAST, LP and ZEBA SAYEDZADA file this notice of Removal within thirty (30) days after service of summons and a copy of this Complaint. This matter was incorrectly filed in Forsyth State Court as the parties had entered a Consent Order Dismissal without Prejudice (Exhibit A - D34 in the previously filed suit, 2:20-cv-00209) that the matter when refiled would be filed in this Court. The matter was inadvertently filed in State Court by Plaintiff.

3)

Defendant WAL-MART STORES EAST, LP is a Delaware limited partnership, of which WSE Management, LLC is the only general partner, and WSE Investment, LLC is the only limited partner. The sole member of WSE Management, LLC and of WSE Investment, LLC is Wal-Mart Stores East, LLC, and the sole member of Wal-Mart Stores East, LLC is Walmart Inc. Walmart Inc. is a Delaware corporation with its principal place of business in the State of Arkansas,

and it was not a citizen of the State of Georgia at the time of or immediately prior to the filing and service of this lawsuit or at any time thereafter. The principal place of business for all entities mentioned in this paragraph is 708 SW 8th Street, Bentonville, AR 72716.

4)

Plaintiff's Complaint also names as a Defendant, ZEBA SAYEDZADA, who is alleged to be a resident of Georgia, and is further alleged to have been employed by Wal-Mart Stores East, LP at its store located in Marietta, Georgia.

5.

The citizenship of ZEBA SAYEDZADA should be disregarded for purposes of determining jurisdiction under 28 U.S.C. § 1441 because Plaintiff has no possibility of recovery against her and therefore, she has been fraudulently joined solely for the purpose of defeating federal diversity jurisdiction. See e.g., Illinois Cent R.R. v. Sheegog, 215 U.S. 308 (1909); Tapscott v. MS Dealer Services Corp., 77 F.3d 1353 (11th Cir. 1996).

6.

Although the complaint attempts to lump ZEBA SAYEDZADA into the category of "Defendants," the factual allegations of the Complaint, which form the

-3-

foundation for the Plaintiff's claims, do not contain a single allegation of any specific or general wrongful conduct on the part of this individual as to which she could be found liable.

7.

Defendants further show that Defendant ZEBA SAYEDZADA was not employed at the subject store as the Store Manager or in any other capacity on on September 4, 2018, the date of the alleged incident. (Exhibit B, Declaration of Zeba Sayedzada, docketed as D1-1 (Exhibit "A") in the previously filed suit, 2:20-cv-00209)  Defendant ZEBA SAYEDZADA did not start working at the subject store until February of 2019.  (Exh. B) Defendant ZEBA SAYEDZADA is not an owner or operator of the subject premises and did not undertake <u>any</u> control or management of the subject premises on the date of the incident. (<u>Id.</u>)  Plaintiff was not an invitee, licensee or trespasser of Defendant ZEBA SAYEDZADA. Defendant ZEBA SAYEDZADA did not owe or breach any independent duty to Plaintiff. (<u>Id.</u>)

8.

Removal is appropriate because Plaintiff has "no real intention to get a joint judgment, and . . .there [is] no colorable ground for so claiming."   <u>AIDS</u>

Counseling and Testing Centers v. Group W. Television, 903 F.2d 1000, 1003 (4th Cir. 1990).  As demonstrated by the lack of allegations in the complaint directed solely toward Defendant ZEBA SAYEDZADA, it is evident that no viable claim for relief can be stated against the non-diverse Defendant, and her joinder is a sham which should be disregarded.  In addition, the parties have filed a Consent Order to Dismiss Zeba Sayedzada.

9.

Plaintiff David Wayne Stegall is a citizen of the State of Georgia.

10.

Complete diversity of citizenship exists between Plaintiff and all non-fraudulently joined Defendants.

11.

Plaintiff claims injuries to his right and left hand, right and left knee, right and left ankle, lower back, middle back, and upper back, as well as to the right and left side of his neck, requiring extensive medical treatment and resulting in medical expenses in the amount of $54,342.90.  (See Complaint, ¶¶ 12, 20, Exhibit C, pp. 4 & 5)  Plaintiff seeks to recover past, present, and future medical expenses; past, present, and future lost wages, mental and physical pain and suffering and

emotional distress, as well as attorney's fees and costs of litigation. (Complaint, ¶ 35 and Prayer for Relief, Exhibit C, pp. 6 &7)  Plaintiff also alleges a claim of punitive damages against Defendants. (Complaint, Count V and Prayer for Relief, Exhibit C, pp. 6 &7) The amount in controversy, exclusive of interest and costs, exceeds $75,000.

12.

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441, based on complete diversity of citizenship between Plaintiff and Defendants.

13.

Pursuant to the provisions of 28 U.S.C. § 1446, Defendants have attached as Exhibit "C" copies of all the pleadings that were provided to and served upon Defendants, including copies of all pleadings that have been filed to date in the State Court of Forsyth County, Georgia for the above-styled case.

14.

Pursuant to 28 U.S.C. § 1446, Defendants are not required to file a removal bond.

15.

Written notice of the filing of this Notice of Removal will be given to all

parties as required by 28 U.S.C. § 1446.

16.

A true and correct copy of this Notice of Removal will be filed with the Clerk of the State Court of Forsyth County, Georgia, as required by 28 U.S.C. § 1446.

WHEREFORE, Defendant WAL-MART STORES EAST, LP and ZEBA SAYEDZADA pray that the above-captioned lawsuit be removed to the United States District Court for the Northern District of Georgia, Gainesville Division as required by the Consent Order Dismissal without Prejudice. (Exh. A)

McLAIN & MERRITT, P.C.

*/s/ Mark L. Pickett*
Mark L. Pickett
Georgia Bar No. 578190
Attorney for Defendants
WAL-MART STORES EAST, LP
ZEBA SAYEDZADA

3445 Peachtree Road, N.E., Suite 500
Atlanta GA  30326-3240
(404) 365-4516
(404) 364-3138 (Fax)
mpickett@mmatllaw.com

The undersigned counsel certifies that the foregoing Notice of Removal has been prepared with one of the fonts and point selections approved by the court in LR 5.1B.

*/s/ Mark L. Pickett*
Mark L. Pickett

# CERTIFICATE OF SERVICE

This is to certify that on April 15, 2022, I electronically filed a **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to attorneys of record.

McLAIN & MERRITT, P.C.

*/s/ Mark L. Pickett*
Mark L. Pickett
Georgia Bar No. 578190
Attorney for Defendants
WAL-MART STORES EAST, LP
ZEBA SAYEDZADA

3445 Peachtree Road, N.E., Suite 500
Atlanta GA  30326-3240
(404) 365-4516
(404) 364-3138 (Fax)
mpickett@mmatllaw.com