**General Civil and Domestic Relations Case Filing Information Form**

⊕ EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**22SC-0433-A**

Judge Leslie Abernathy-Maddox

**MAR 16, 2022 04:00 PM**

Greg G. Allen, Clerk
Forsyth County, Georgia

☐ Superior or ☑ State Court of _Forsyth_ County

| **For Clerk Use Only** | |
|---|---|
| **Date Filed** 03-16-2022 | **Case Number** 22SC-0433-A |
| MM-DD-YYYY | |

| **Plaintiff(s)** | **Defendant(s)** |
|---|---|
| Stegall, David Wayne | Wal-Mart Stores East, LP |
| Last   First   Middle I.   Suffix   Prefix | Last   First   Middle I.   Suffix   Prefix |
| | Sayedzada, Zeba |
| Last   First   Middle I.   Suffix   Prefix | Last   First   Middle I.   Suffix   Prefix |
| Last   First   Middle I.   Suffix   Prefix | Last   First   Middle I.   Suffix   Prefix |
| Last   First   Middle I.   Suffix   Prefix | Last   First   Middle I.   Suffix   Prefix |

**Plaintiff's Attorney** Schnyder, Nicholas      **Bar Number** 576115      **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
**Case Number**                 **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

**EXHIBIT C**

Version 1.1.20

⚡ EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**22SC-0433-A**
**Judge Leslie Abernathy-Maddox**
**MAR 16, 2022 04:00 PM**

Greg G. Allen, Clerk
Forsyth County, Georgia

## IN THE STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

DAVID WAYNE STEGALL,

                              Plaintiff(s),

vs.

                              CIVIL ACTION FILE NUMBER:

WAL-MART STORES EAST, LP (DELAWARE)
AND ZEBA SAYEDZADA,

                              Defendant(s).

**JURY TRIAL DEMANDED**

## RENEWAL COMPLAINT FOR DAMAGES

### RENEWAL COMPLAINT

**COMES NOW** David Wayne Stegall, Plaintiff, and files this Renewal Complaint per O.C.G.A. § 9-2-61 againstDefendants Wal-Mart Stores East, LP (DELAWARE) and Zeba Sayedzada as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff David Stegall resides at Towns County, Georgia and is subject to the jurisdiction of this court.

2.

Defendant Zeba Sayedzada resides at 101 Olde Heritage Way, Woodstock, Cherokee County, Georgia 30188 and may be served with a copy of the summons and complaint at this address.

3.

Defendant Wal-Mart Stores East LP (DELAWARE) is a Foreign Corporation existing under the laws of Delaware with its principal place of business in 708 South West 8th Street, Bentonville, Arkansas, 72716 and may be served through its registered agent The Corporation Company (FL) at 112 North Main Street, Cumming, Georgia 30040 and is subject to the jurisdiction of this court.

4.

Jurisdiction and venue are proper in this court.

In the State Court of Forsyth County, Georgia
Civil Action File Number:
David Wayne Stegall vs. Wal-Mart Stores East, LP (DELAWARE) and Zeba Sayedzada

5.

This action is a renewal under O.C.G.A. § 9-2-61 of David Wayne Stegall v. Wal-Mart Stores East, LP
(Delaware) and Zebra Sayedzada, Forsyth County State Court, Civil Action File No. 20SC-0765-A ("Original
Suit"), which was a valid pending action that was voluntarily dismissed without prejudice pursuant to O.C.G.A.
9-11-41 on September 16, 2021, with all costs having been previously paid. [See Exhibit A, Original Complaint
and file-stamped affidavits of service].

6.

This action arises out of the same transaction or occurrence as the Original Suit, and is asserted by the same
Plaintiff against the same Defendants as the Original Suit.

7.

The privilege of renewal has not been previously exercised.

## BACKGROUND
8.

On 09/04/2018, Plaintiff was invitee at Wal-Mart store located at 6520 Earnest Barrett Parkway,
Marietta, Cobb County, Georgia 30064.

In the State Court of Forsyth County, Georgia
Civil Action File Number:
David Wayne Stegall vs. Wal-Mart Stores East, LP (DELAWARE) and Zeba Sayedzada

9.

Plaintiff slipped and fell on a mat covering a spill from the ice machine inside property appearing to be water and soap.

10.

There were no cones or other warnings in the area of the mat covering water and soap at the time of the fall.

11.

Defendant(s) had exclusive ownership, possession and control over the premises known as Wal-Mart Supercenter Store located at 6520 Earnest Barrett Parkway, Marietta, Georgia 30064 the times relevant to this litigation.

12.

As a result of Plaintiff's fall, he suffered injuries to his right hand, left hand, left knee; right knee; right ankle; left ankle; lower back; middle of back; upper back; right side of neck; left side of neck; and other body parts.

## COUNT I
## PREMISES LIABILITY

13.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 12 above as if fully restated.

14.

Plaintiff was an invitee on the premises at the time of the fall.

15.

Defendant(s) owed a nondelegable duty of reasonable care in keeping the premises safe for invitees such as Plaintiff.

16.

Defendant(s) was/were negligent in failing to properly inspect the area where the fall occurred, in failing to remove the hazardous condition and/or hazard from the floor, in failing to take adequate measures to protect invitees from hazard and/or substances on the floor and in failing to keep the premises safe for invitees.

17.

Defendant knew or should have known that hazardous condition poses a danger to invitees on the premises and should have changed, altered, removed or warned invitees about hazardous condition to avoid injuries to Plaintiff on the premises.

18.

Plaintiff did not know and could not reasonably have learned of the danger poses by the hazardous condition.

In the State Court of Forsyth County, Georgia
Civil Action File Number:
David Wayne Stegall vs. Wal-Mart Stores East, LP (DELAWARE) and Zeba Sayedzada

19.

Defendant(s)' negligence was the sole and proximate cause of Plaintiff's injuries.

20.

Plaintiff's medical specials total to an amount not less than $54,342.90.

## COUNT II
## VICARIOUS LIABILITY

21.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 20 above as if fully restated.

22.

At all times relevant to this action, the individuals responsible for inspecting, cleaning, and maintaining the area where Plaintiff fell were employed by Defendant(s) and were acting within the scope of their employment.

23.

Defendant(s) are responsible for conduct of its/their employee(s) under the doctrine of *respondeat superior*, agency or apparent agency.

24.

Defendant(s)' negligence was the sole and proximate cause of Plaintiff's injuries.

## COUNT III
## NEGLIGENT TRAINING AND SUPERVISION

25.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 24 above as if fully restated.

26.

Defendant(s) was/were negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, cleaning and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting, cleaning, and maintaining the premises.

27.

Defendant(s) were negligent in training and supervising its staff.

28.

As a result of Defendant(s)' negligence in training and supervising its employee(s), Plaintiff was injured on the premises.

In the State Court of Forsyth County, Georgia
Civil Action File Number:
David Wayne Stegall vs. Wal-Mart Stores East, LP (DELAWARE) and Zeba Sayedzada

## COUNT IV
## PUNITIVE DAMAGES

29.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 28 above as if fully restated.

30.

Defendant's actions constitute willful misconduct, malice, fraud, oppression, wantonness and an either want of care raising the presumption of conscience indifference to the consequences. Accordingly, Plaintiff is entitled to recover punitive damages from defendant, as determined by the enlightened conscience of the jury.

## COUNT V
## ATTORNEY FEE AND COSTS OF LITIGATION

31.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 30 above as if fully restated.

32.

Plaintiff is entitled to recover attorney fees and costs of litigation.

33.

Plaintiff is entitled to recover attorney fees and costs of litigation in accordance with O.C.G.A. § 9-15-14.

34.

Defendant has acted in bad faith, has been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense, thereby entitling the Plaintiff to an award of attorneys' fees and expenses of litigation under the Civil Code of Georgia. Therefore, Plaintiff is entitled to recover attorney fees and costs of litigation in accordance with O.C.G.A. § 13-6-11.

35.

Plaintiff is entitled to recover necessary expenses in accordance with O.C.G.A. § 51-12-7.

**WHEREFORE**, Plaintiff prays that he/she have a trial on all issues and judgement against defendant as follows:

    a) That Plaintiff recover the full value of past, present, and future medical expenses in an amount to be proven at trial;

    b) That Plaintiff recover the full value of past, present, and future lost wages in an amount to be proven at trial;

In the State Court of Forsyth County, Georgia
Civil Action File Number:
David Wayne Stegall vs. Wal-Mart Stores East, LP (DELAWARE) and Zeba Sayedzada

c)  That Plaintiff recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

d)  That Plaintiff recover full value of all properties damaged as a result of the incident in an amount to be proven at trial;

e)  That Plaintiff recover all incidental and consequential damages as a result of the incident;

f)  That Plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of the jury;

g)  That Plaintiff recover attorney fees and costs of litigation;

h)  That Plaintiff recover pre-judgement and post-judgement interest;

i)  That Plaintiff recover such other and further relief as is just and proper; and

j)  That all issues to be tried before a twelve-person jury panel (with at least one alternate juror).

This <u>15</u> day of <u>March</u>, <u>2022</u>

**Nick Schnyder Law Firm**

/s/ Drew Gilliland

Georgia Bar Number:  116570

*Attorney for Plaintiff(s)*

In the State Court of Forsyth County, Georgia
Civil Action File Number:
David Wayne Stegall vs. Wal-Mart Stores East, LP (DELAWARE) and Zeba Sayedzada

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

DAVID WAYNE STEGALL,

        Plaintiff,

v.

WAL-MART STORES EAST, LP (DELAWARE)
AND ZEBA SAYEDZADA,

        Defendants.

Civil Action File No.
2:20-cv-00209-SCJ

## CONSENT ORDER OF DISMISSAL WITHOUT PREJUDICE

Comes now Plaintiff David Wayne Stegall, and by consent of all parties, hereby dismisses his Complaint without Prejudice in accordance with Fed. R. Civ. P. Rule 41(a)(1)(A)(ii). The parties stipulate and agree as follows:

(1)    All subsequent re-filings of Plaintiff's Complaint shall be in the United States District Court, Northern District of Georgia, Gainesville Division only.

(2)    Plaintiff understands that Defendant is consenting to a Dismissal Without Prejudice based upon Plaintiff's stipulation and agreement that the United States District Court, Northern District of Georgia, Gainesville Division will have exclusive jurisdiction over any re-filed Complaint.

(3)     Plaintiff stipulates and agrees that he will do nothing in any re-filed

action to divest the United States District Court, Northern District of Georgia,

Gainesville Division of diversity jurisdiction, and that he will not name non-

diverse parties in any re-filed Complaint.


SO ORDERED this 16th day of September, 2021.


_____
Honorable Steve C. Jones
United States District Court


CONSENTED TO BY:


/s/ Nick Schnyder
Nick Schnyder
Georgia Bar No. 576115
Attorney for Plaintiff
351 Atlanta St., NE
Marietta, GA 30060
(404) 902-3553
nick@schnyderlawfirm.com

/s/ Mark L. Pickett
Mark L. Pickett
Georgia Bar No. 578190
Attorney for Defendant
3445 Peachtree Road, N.E., Ste 500
Atlanta, GA 30326
(404) 365-4516
mpickett@mmatllaw.com


**RULE 7.1(D) CERTIFICATE OF TYPE, FORMAT, AND FONT SIZE**
Pursuant to Local Rule 7.1(D) of the United States District Court for the
Northern District of Georgia, the undersigned certifies that the foregoing
submission to the Court was computer-processed, double-spaced between lines,
and prepared with 14-point Times New Roman font.


/s/ Nick Schnyder
Nick Schnyder

🏛 EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**20SC-0765-A**

Judge Leslie Abernathy-Maddox
AUG 04, 2020 12:09 PM

Greg G. Allen, Clerk
Forsyth County, Georgia

## IN THE STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

DAVID WAYNE STEGALL,

               Plaintiff(s),

vs.

WAL-MART STORES EAST, LP (DELAWARE)
AND ZEBA SAYEDZADA,

               Defendant(s).

CIVIL ACTION FILE NUMBER:

**JURY TRIAL DEMANDED**

## COMPLAINT FOR DAMAGES

### COMPLAINT

**COMES NOW** David Wayne Stegall, Plaintiff(s), and makes and files this Complaint against Defendants Wal-Mart Stores East, LP (DELAWARE) and Zeba Sayedzada as follows:

### PARTIES AND JURISDICTION
#### 1.
Plaintiff David Stegall resides at Towns County, Georgia and is subject to the jurisdiction of this court.

#### 2.
Defendant Zeba Sayedzada resides at 101 Olde Heritage Way, Woodstock, Cherokee County, Georgia 30188 and may be served with a copy of the summons and complaint at this address.

#### 3.
Defendant Wal-Mart Stores East LP (DELAWARE) is a Foreign Corporation existing under the laws of Delaware with its principal place of business in 708 South West 8th Street, Bentonville, Arkansas, 72716 and may be served through its registered agent The Corporation Company (FL) at 112 North Main Street, Cumming, Georgia 30040 and is subject to the jurisdiction of this court.

#### 4.
Jurisdiction and venue are proper in this court.

### BACKGROUND
#### 5.
On 09/04/2018, Plaintiff was invitee at Wal-Mart store located at 6520 Earnest Barrett Parkway, Marietta, Cobb County, Georgia 30064.

In the State Court of Forsyth County, Georgia
Civil Action File Number:
David Wayne Stegall vs. Wal-Mart Stores East, LP (DELAWARE) and Zeba Sayedzada

6.

Plaintiff slipped and fell on a mat covering a spill from the ice machine inside property appearing to be water and soap.

7.

There were no cones or other warnings in the area of the mat covering water and soap at the time of the fall.

8.

Defendant(s) had exclusive ownership, possession and control over the premises known as Wal-Mart Supercenter Store located at 6520 Earnest Barrett Parkway, Marietta, Georgia 30064 the times relevant to this litigation.

9.

As a result of Plaintiff's fall, he suffered injuries to his right hand, left hand, left knee; right knee; right ankle; left ankle; lower back; middle of back; upper back; right side of neck; left side of neck; and other body parts.

## COUNT I
## PREMISES LIABILITY

10.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 9 above as if fully restated.

11.

Plaintiff was an invitee on the premises at the time of the fall.

12.

Defendant(s) owed a nondelegable duty of reasonable care in keeping the premises safe for invitees such as Plaintiff.

13.

Defendant(s) was/were negligent in failing to properly inspect the area where the fall occurred, in failing to remove the hazardous condition and/or hazard from the floor, in failing to take adequate measures to protect invitees from hazard and/or substances on the floor and in failing to keep the premises safe for invitees.

14.

Defendant knew or should have known that hazardous condition poses a danger to invitees on the premises and should have changed, altered, removed or warned invitees about hazardous condition to avoid injuries to Plaintiff on the premises.

15.

Plaintiff did not know and could not reasonably have learned of the danger poses by the hazardous condition.

In the State Court of Forsyth County, Georgia
Civil Action File Number:
David Wayne Stegall vs. Wal-Mart Stores East, LP (DELAWARE) and Zeba Sayedzada

16.

Defendant(s)' negligence was the sole and proximate cause of Plaintiff's injuries.

17.

Plaintiff's medical specials total to an amount not less than $54,342.90.

## COUNT II
## VICARIOUS LIABILITY

18.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 17 above as if fully restated.

19.

At all times relevant to this action, the individuals responsible for inspecting, cleaning, and maintaining the area where Plaintiff fell were employed by Defendant(s) and were acting within the scope of their employment.

20.

Defendant(s) are responsible for conduct of its/their employee(s) under the doctrine of *respondeat superior*, agency or apparent agency.

21.

Defendant(s)' negligence was the sole and proximate cause of Plaintiff's injuries.

## COUNT III
## NEGLIGENT TRAINING AND SUPERVISION

22.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 21 above as if fully restated.

23.

Defendant(s) was/were negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, cleaning and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting, cleaning, and maintaining the premises.

24.

Defendant(s) were negligent in training and supervising its staff.

25.

As a result of Defendant(s)' negligence in training and supervising its employee(s), Plaintiff was injured on the premises.

In the State Court of Forsyth County, Georgia
Civil Action File Number:
David Wayne Stegall vs. Wal-Mart Stores East, LP (DELAWARE) and Zeba Sayedzada

## COUNT IV
## PUNITIVE DAMAGES
### 26.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 25 above as if fully restated.

### 27.

Defendant's actions constitute willful misconduct, malice, fraud, oppression, wantonness and an either want of care raising the presumption of conscience indifference to the consequences. Accordingly, Plaintiff is entitled to recover punitive damages from defendant, as determined by the enlightened conscience of the jury.

## COUNT V
## ATTORNEY FEE AND COSTS OF LITIGATION
### 28.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 27 above as if fully restated.

### 29.

Plaintiff is entitled to recover attorney fees and costs of litigation.

### 30.

Plaintiff is entitled to recover attorney fees and costs of litigation in accordance with O.C.G.A. § 9-15-14.

### 31.

Defendant has acted in bad faith, has been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense, thereby entitling the Plaintiff to an award of attorneys' fees and expenses of litigation under the Civil Code of Georgia. Therefore, Plaintiff is entitled to recover attorney fees and costs of litigation in accordance with O.C.G.A. § 13-6-11.

### 32.

Plaintiff is entitled to recover necessary expenses in accordance with O.C.G.A. § 51-12-7.

## RESERVATION OF RIGHT

Plaintiff reserves the right to amend the complaint and add more claims as he/she deems appropriate, necessary, or proper prior to trial.

**WHEREFORE**, Plaintiff prays that he/she have a trial on all issues and judgement against defendant as follows:

  a) That Plaintiff recover the full value of past, present, and future medical expenses in an amount to be proven at trial;
  b) That Plaintiff recover the full value of past, present, and future lost wages in an amount to be proven at trial;

---

In the State Court of Forsyth County, Georgia
Civil Action File Number:
David Wayne Stegall vs. Wal-Mart Stores East, LP (DELAWARE) and Zeba Sayedzada

c) That Plaintiff recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

d) That Plaintiff recover full value of all properties damaged as a result of the incident in an amount to be proven at trial;

e) That Plaintiff recover all incidental and consequential damages as a result of the incident;

f) That Plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of the jury;

g) That Plaintiff recover attorney fees and costs of litigation;

h) That Plaintiff recover pre-judgement and post-judgement interest;

i) That Plaintiff recover such other and further relief as is just and proper; and

j) That all issues to be tried before a twelve-person jury panel (with at least one alternate juror).

This 4 day of August, 2020

**Samuel Johnson and Associates**

/s/ Samuel Johnson

Samuel S Johnson

Georgia Bar Number:   701652

*Attorney for Plaintiff(s)*

12600 Deerfield Parkway, Suite 100
Alpharetta, Georgia 30004
Phone: (404) 666-LAWS
Fax: (404) 891-9334
*Notice: electronic service is not accepted.*

In the State Court of Forsyth County, Georgia
Civil Action File Number:
David Wayne Stegall vs. Wal-Mart Stores East, LP (DELAWARE) and Zeba Sayedzada

SHERIFF'S ENTRY OF SERVICE

Civil Action No. _____20SC-0765-A_____

Date Filed _____08/04/2020_____

Attorney's Address

_Samuel Johnson and Associates_

_12600 Deerfield Parkway, Suite 100_

_Alpharetta, Georgia 30004_

Name and Address of Party to Served

_WAL-MART STORES EAST, LP (DELAWARE)_

_C/O Corporation Company (FL)_

_112 North Main Street, Cumming, Georgia 30040_

Superior Court ☐
State Court ☒
Juvenile Court ☐

Georgia, Forsyth                          COUNTY

DAVID WAYNE STEGALL

_____
                                    Plaintiff

VS.

_WAL-MART STORES EAST, LP (DELAWARE)_

_AND ZEBA SAYEDZADA_
                                    Defendant

_____

_____

_____
                                    Garnishee

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
20SC-0765-A
Judge Leslie Abernathy-Maddox
AUG 25, 2020 11:14 AM

Greg G. Allen, Clerk
Forsyth County, Georgia

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**

I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**

Served the defendant _Corporation Company_ a corporation

☒ by leaving a copy of the within action and summons with _Pam Mehatrey_
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

☐

**NON EST**

Diligent search made and defendant _____

☐ not to be found in the jurisdiction of this Court.

This _14_ day of _Aug_, 20_20_                    _M. Shelton 2468_

DEPUTY

**PLAINTIFF'S COPY**

Zone _____

# CHEROKEE COUNTY SHERIFF'S OFFICE

Service completed / attempted

_08/11/20_ / _1306_ / _160_  4C
Date            Time          Deputy

Service completed / attempted

_8/12/20_ / _1306_ / _152_ UW
Date            Time          Deputy

Service completed / attempted

_08/13/2020_ / _0840_ / _155_
Date            Time          Deputy

Service completed / attempted

_____ / _____ / _____
Date            Time          Deputy

Service completed / attempted

_____ / _____ / _____
Date            Time          Deputy

Service completed / attempted

_____ / _____ / _____
Date            Time          Deputy

Service completed / attempted

_____ / _____ / _____
Date            Time          Deputy

Service completed / attempted

_____ / _____ / _____
Date            Time          Deputy

Service completed / attempted

_____ / _____ / _____
Date            Time          Deputy

_____

_____

_____

_____

NAME: _____

RECEIVED
AUG - 7 2020
CHEROKEE CO.
SHERIFF'S OFFICE
WARRANT DIV.

ADDRESS: _____

_____

HOME #: _____

DOB: _____ RACE / SEX: _____

WORK #: _____

EMPLOYER: _____

_____

72399-1

HENDON JUST E OF TRIPP

SHERIFF'S ENTRY OF SERVICE

Civil Action No. ___20SC-0765-A___

Date Filed ___08/04/2020___

Attorney's Address

___Samuel Johnson and Associates___

___12600 Deerfield Parkway, Suite 100___

___Alpharetta, Georgia 30004___

Name and Address of Party to Served

___ZEBA SAYEDZADA___

___101 Olde Heritage Way___

___Woodstock, Georgia 30188___

RETURN

Superior Court ☐    Magistrate Court ☐
State Court ☒    Probate Court ☐
Juvenile Court ☐

Georgia, ___Forsyth___ COUNTY

___DAVID WAYNE STEGALL___

_____
Plaintiff

VS.

___WAL-MART STORES EAST, LP (DELAWARE)___

___AND ZEBA SAYEDZADA___
Defendant

_____

_____
Garnishee

**RECEIVED**
**AUG - 7 2020**
CHEROKEE CO.
SHERIFF'S OFFICE
WARRANT DIV.

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant ___Zeba Sayed Zeba___ _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

Delivered same into hands of ___Hanna Sayed Zada — daughter___ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant _____ a corporation
☐ by leaving a copy of the within action and summons with _____
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This ___13th___ day of ___August___ , 20 ___20___

DEPUTY _____

**CLERK'S COPY**



SHERIFF'S ENTRY OF SERVICE

| | |
|---|---|
| Civil Action No. __20SC-0765-A__ | Superior Court ☐   Magistrate Court ☐<br>State Court ☒   Probate Court ☐<br>Juvenile Court ☐ |
| Date Filed __08/04/2020__ | Georgia, _Forsyth_ COUNTY |
| | DAVID WAYNE STEGALL |

Attorney's Address

Samuel Johnson and Associates

12600 Deerfield Parkway, Suite 100

Alpharetta, Georgia 30004

_____ **Plaintiff**

VS.

Name and Address of Party to Served

ZEBA SAYEDZADA

WAL-MART STORES EAST, LP (DELAWARE)

AND ZEBA SAYEDZADA

101 Olde Heritage Way

Woodstock, Georgia 30188

_____ **Defendant**

_____ **Garnishee**

## SHERIFF'S ENTRY OF SERVICE

### PERSONAL
I have this day served the defendant _____ personally with a copy
☐ of the within action and summons.

### NOTORIOUS
I have this day served the defendant _Zeba Sayed Zeba_ _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

Delivered same into hands of _Hanna Sayedzada - daughter_ _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

### CORPORATION
Served the defendant _____ a corporation

☐ by leaving a copy of the within action and summons with _____
In charge of the office and place of doing business of said Corporation in this County.

### TACK & MAIL
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

### NON EST
Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This __13th__ day of _August_, 20 _20_

DEPUTY

**PLAINTIFF'S COPY**

# STATE COURT OF FORSYTH COUNTY
# STATE OF GEORGIA

⊛ EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**22SC-0433-A**

**Judge Leslie Abernathy-Maddox**
**MAR 16, 2022 04:00 PM**

Greg G. Allen, Clerk
Forsyth County, Georgia

CIVIL ACTION NUMBER  <u>22SC-0433-A</u>

Stegall, David Wayne

_____

**PLAINTIFF**

**VS.**

Wal-Mart Stores East, LP
Sayedzada, Zeba

_____

**DEFENDANTS**

**SUMMONS**

TO: SAYEDZADA, ZEBA

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Nicholas Schnyder**
> **Nick Schnyder Law Firm, LLC**
> **351 Atlanta St. SE**
> **Marietta, Georgia 30060**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 16th day of March, 2022.**

Clerk of State Court

_____

Greg G. Allen, Clerk
Forsyth County, Georgia

# STATE COURT OF FORSYTH COUNTY
# STATE OF GEORGIA

⊕ **EFILED IN OFFICE**
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**22SC-0433-A**

**Judge Leslie Abernathy-Maddox**
**MAR 16, 2022 04:00 PM**

Greg G. Allen, Clerk
Forsyth County, Georgia

CIVIL ACTION NUMBER  22SC-0433-A

Stegall, David Wayne

_____

**PLAINTIFF**

**VS.**

Wal-Mart Stores East, LP
Sayedzada, Zeba

_____

**DEFENDANTS**

## SUMMONS

TO: WAL-MART STORES EAST, LP

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Nicholas Schnyder**
> **Nick Schnyder Law Firm, LLC**
> **351 Atlanta St. SE**
> **Marietta, Georgia 30060**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 16th day of March, 2022.**

Clerk of State Court

_____

Greg G. Allen, Clerk
Forsyth County, Georgia

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
**22SC-0433-A**
**Judge Leslie Abernathy-Maddox**
**APR 15, 2022 02:57 PM**

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

DAVID WAYNE STEGALL,

      Plaintiff,

v.

WAL-MART STORES EAST, LP (DELAWARE)
AND ZEBA SAYEDZADA,

      Defendants.

_____/

Civil Action File No.
22SC-0433-A

## ANSWER OF DEFENDANTS

COME NOW, Defendants WAL-MART STORES EAST, LP and ZEBA SAYEDZADA (erroneously named) appearing specially and without submitting to the jurisdiction of the Court and make this Answer to Plaintiff's Renewal Complaint as follows:

### FIRST DEFENSE

Zeba Sayedzada is not a proper Defendant.

### SECOND DEFENSE

Jurisdiction is not proper as to Zeba Sayedzada.

### THIRD DEFENSE

Venue is not proper as to Zeba Sayedzada.

1

## FOURTH DEFENSE

Plaintiff's Renewal Complaint fails to state a claim against Defendants upon which relief can be granted.

## FIFTH DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

## SIXTH DEFENSE

Plaintiff was not in the exercise of ordinary care for his own safety in the premises, and by the exercise of ordinary care could have avoided any injury to himself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

## SEVENTH DEFENSE

Defendants deny that they were negligent in any manner whatsoever or that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## EIGHTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

## NINTH DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation.

2

## TENTH DEFENSE

Plaintiff's claims are barred by laches.

## ELEVENTH DEFENSE

Plaintiff's claims for attorney's fees should be dismissed as a matter of law.

## TWELFTH DEFENSE

Plaintiff's claim for punitive damages is barred as a matter of law.

## THIRTEENTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the deprivation of property without due process of law. (U.S. Const. amends V and XIV; Ga. Const. Art. 1, Section 1, Para. 1). Specifically, said statutes fail to define or provide advance notice of the prohibited behavior with reasonable clarity, fail to specify the upper limit of damages to be imposed, fail to set standards or criteria for the jury to apply in determining whether to impose punitive damages and, if so, the amount thereof. These defects in the statutes, inter alia, leave to the unbridled discretion of a random jury whether to impose such damages and the amount thereof, thereby

3

authorizing an award of aggravated, exemplary, or punitive damages which is unpredictable, arbitrary, capricious, and disproportionate.

FOURTEENTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes deny this Defendant equal protection of the laws by providing fewer protections for civil litigants than the criminal laws provide to persons accused of violation of criminal statutes which provide for the imposition of monetary fines.  (U.S. Const. Amend. XIV, Ga. Const. Art. 1, Section 1, Para. 2). Specifically, said statutes inter alia, fail to define or provide advance notice of the prohibited behavior with reasonably clarity whereas criminal defendants are entitled to such notice; said statutes fail to specify the upper limit of damages to be imposed whereas criminal statutes imposing similar penalties must be limited; said statutes allow imposition of such damages upon the "preponderance of the evidence" rather than the "beyond a reasonable doubt" standard applied in similar criminal cases;  and said statutes contemplate the imposition of such damages against civil litigants who have been compelled to give evidence against

themselves under the Georgia Civil Practice Act whereas criminal defendants in similar cases cannot be so compelled.

## FIFTEENTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the imposition of an excessive fine.  (U.S. Const. Amend. VIII and XIV; Ga. Const. Art. 1, Section 1, Para. 1.)

## SIXTEENTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes do not provide fair notice of (1) the severity of the potential punishment in relationship to the alleged degree of reprehensible conduct of Defendant, (2) the ratio of punitive damages award to the actual harm inflicted upon the Plaintiff, and (3) a comparison between the award and the civil or criminal penalties that could be imposed for comparable alleged misconduct. See BMW of North America, Inc. v. Gore, 116 U.S. 415, 133 L.Ed.2d 333, 115 S.Ct.

5

932 (1966); BMW of North America, Inc. v. Gore, 116 S.Ct. 1589 (1996); and Pacific
Mutual Life Ins. Co. v. Haslip, 499 U.S. 1, 113 L.Ed.2d 1, 111 S.Ct. 1032 (1991).

## SEVENTEENTH DEFENSE

Defendants respond to the enumerated paragraphs of Plaintiff's Renewal
Complaint as follows:

1.

Defendants lack sufficient knowledge and information to either admit or
deny the allegations contained in paragraph 1 of Plaintiff's Renewal Complaint.

2.

Defendants Zeba Sayedzada is not a proper Defendant. The parties have
filed a Consent Order to Dismiss Zeba Sayedzada.

3.

Defendants deny the allegations contained in paragraph 3 of Plaintiff's
Renewal Complaint, and show that Wal-Mart Stores East, LP is a "limited
partnership". Furthermore, jurisdiction is not proper in this court as the parties
entered into a Consent Order Dismissal without Prejudice in the United States
District Court, Northern District, Gainesville Division, in accordance with Fed. R.
Civ. P. Rule 41 (a) (1) (A) (ii) and specifically requiring that subsequent re-filings
of Plaintiff's Complaint shall be in the United States District Court/ Northern
District of Georgia/Gainesville Division only and that the United States District

6

Court/ Northern District of Georgia/Gainesville Division will have exclusive jurisdiction over any re-filed Complaint.   (See Consent Dismissal without Prejudice attached to Plaintiffs' Renewal Complaint, specifically ¶2 and ¶3)

4.

Defendants deny the allegations contained in paragraph 4 of the Plaintiff's Renewed Complaint, as the parties entered into a Consent Order Dismissal without Prejudice in the United States District Court, Northern District, Gainesville Division, in accordance with Fed. R. Civ. P. Rule 41 (a) (1) (A) (ii) and specifically requiring that subsequent re-filings of Plaintiff's Complaint shall be in the United States District Court/Northern District of Georgia/ Gainesville Division only and that the United States District Court/ Northern District of Georgia/ Gainesville Division will have exclusive jurisdiction over any re-filed Complaint.   (See Consent Dismissal without Prejudice attached to Plaintiffs' Renewal Complaint, specifically ¶2 and ¶3)

5.

Defendants admit only the matter is a renewal complaint and deny the remaining allegations of paragraph 5 of Plaintiff's Renewed Complaint as the parties entered into a Consent Order Dismissal without Prejudice in the United States District Court, Northern District, Gainesville Division, in accordance with Fed. R. Civ. P. Rule 41 (a) (1) (A) (ii) and specifically requiring that subsequent re-

7

filings of Plaintiff's Complaint shall be in the United States District Court/ Northern District of Georgia/ Gainesville Division only and that the United States District Court/Northern District of Georgia/Gainesville Division will have exclusive jurisdiction over any re-filed Complaint.   (See Consent Dismissal without Prejudice attached to Plaintiffs' Renewal Complaint, specifically ¶2 and ¶3)

6.

Defendants admit the allegations contained in paragraph 6 of Plaintiff's Renewal Complaint.

7.

Defendants admit the allegations contained in paragraph 7 of Plaintiff's Renewal Complaint, as stated.

BACKGROUND

8.

Defendants admit only that Wal-Mart Stores East, LP operated the subject store.  Defendants deny the remaining allegations contained in paragraph 8 of Plaintiff's Renewal Complaint.

9.

Defendants deny the allegations contained in paragraph 9 of Plaintiff's Renewal Complaint.

10.

Defendants deny the allegations contained in paragraph 10 of Plaintiff's Renewal Complaint.

11.

Defendants admit only that Wal-Mart Stores East, LP operated the subject store.  Defendants deny the remaining allegations contained in paragraph 11 of Plaintiff's Renewal Complaint.

12.

Defendants deny the allegations contained in paragraph 10 of Plaintiff's Renewal Complaint.

## COUNT I
## PREMISES LIABILITY

13.

Defendants reallege and incorporate herein the answers contained in paragraphs 1 through 12 above as if fully restated.

14.

Defendants lack sufficient knowledge and information to either admit or deny the allegations contained in paragraph 14 of Plaintiff's Renewal Complaint.

15.

Defendants deny the allegations contained in paragraph 15 of Plaintiff's

Renewal Complaint, as stated.   The applicable statute and case law has been omitted.

16.

Defendants deny the allegations contained in paragraph 16 of Plaintiff's Renewal Complaint.

17.

Defendants deny the allegations contained in paragraph 17 of Plaintiff's Renewal Complaint.

18.

Defendants deny the allegations contained in paragraph 18 of Plaintiff's Renewal Complaint.

19.

Defendants deny the allegations contained in paragraph 19 of Plaintiff's Renewal Complaint.

20.

Defendants deny the allegations contained in paragraph 20 of Plaintiff's Renewal Complaint.

COUNT II
VICARIOUS LIABILITY

21.

Defendants reallege and incorporate herein the answers contained in paragraphs 1 through 20 above as if fully restated.

22.

Defendants deny the allegations contained in paragraph 22 of Plaintiff's Renewal Complaint, as stated.

23.

Defendants deny the allegations contained in paragraph 23 of Plaintiff's Renewal Complaint.

24.

Defendants deny the allegations contained in paragraph 24 of Plaintiff's Renewal Complaint.

## COUNT III
## NEGLIGENT TRAINING AND SUPERVISION

25.

Defendants reallege and incorporate herein the answers contained in paragraphs 1 through 25 above as if fully restated.

26.

Defendants deny the allegations contained in paragraph 26 of Plaintiff's Renewal Complaint.

11

27.

Defendants deny the allegations contained in paragraph 27 of Plaintiff's Renewal Complaint.

28.

Defendants deny the allegations contained in paragraph 28 of Plaintiff's Renewal Complaint.

## COUNT IV
## PUNITIVE DAMAGES

29.

Defendants reallege and incorporate herein the answers contained in

paragraphs 1 through 28 above as if fully restated.

30.

Defendants deny the allegations contained in paragraph 30 of Plaintiff's Renewal Complaint.

## COUNT V
## ATTORNEY FEE AND COSTS OF LITIGATION

31.

Defendants reallege and incorporate herein the answers contained in paragraphs 1 through 30 above as if fully restated.

32.

Defendants deny the allegations contained in paragraph 32 of Plaintiff's Renewal Complaint.

33.

Defendants deny the allegations contained in paragraph 33 of Plaintiff's Renewal Complaint.

34.

Defendants deny the allegations contained in paragraph 34 of Plaintiff's Renewal Complaint.

35.

Defendants deny the allegations contained in paragraph 35 of Plaintiff's Renewal Complaint.

36.

Defendants deny Plaintiff's Reservation of Right.

37.

All other allegations contained in the Renewal Complaint which are not specifically responded to herein, are, therefore, denied.

38.

Defendants deny Plaintiff's prayer for relief, including subparagraphs a), b), c), d), e), f), g), h), i), and j) thereof.

WHEREFORE, Defendants pray that Plaintiff's Renewal Complaint be

dismissed with all costs cast upon the Plaintiff.  DEFENDANTS DEMAND TRIAL

BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.

/s/ Mark L. Pickett

Mark L. Pickett
Georgia Bar No. 578190
Attorney for Defendants
WAL-MART STORES EAST, LP
ZEBA SAYEDZADA

3445 Peachtree Road, N.E., Suite 500
Atlanta GA  30326
(404) 365-4516
(404) 364-3138 (fax)
mpickett@mmatllaw.com

14

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing ANSWER OF

DEFENDANT WAL-MART STORES EAST, LP AND ZEBA SAYEDZADA TO

PLAINTIFF'S RENEWAL COMPLAINT  has this day been filed and served upon

opposing counsel via Peach Court E-File.

This the 15th day of April, 2022.

McLAIN & MERRITT, P.C.

/s/ Mark L. Pickett

Mark L. Pickett
Georgia Bar No. 578190
Attorney for Defendants
WAL-MART STORES EAST, LP
ZEBA SAYEDZADA

3445 Peachtree Road, N.E., Suite 500
Atlanta GA  30326
(404) 365-4516
(404) 364-3138 (fax)
mpickett@mmatllaw.com

15

📧 EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**22SC-0433-A**
**Judge Leslie Abernathy-Maddox**
APR 15, 2022 02:57 PM

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

DAVID WAYNE STEGALL,

        Plaintiff,

v.

WAL-MART STORES EAST, LP (DELAWARE)
AND ZEBA SAYEDZADA,

        Defendants.

_____/

Civil Action File No.
22SC-0433-A

## CONSENT MOTION TO DISMISS LESS THAN ALL DEFENDANTS

COME NOW Plaintiff, David Wayne Stegall, and Defendants Wal-Mart

Stores East, LP and Zeba Sayedzada in the above-styled action and move this court

to dismiss without prejudice <u>only</u> Defendant Zeba Sayedzada.

Respectfully submitted

/s/ Drew Gilliland
Drew Gilliland
Georgia Bar No. 116570
Attorney for Plaintiff
351 Atlanta St., NE
Marietta, GA 30060
(404) 902-3553
dgillialnd@schnyderlawfirm.com

/s/ Mark L. Pickett
Mark L. Pickett
Georgia Bar No. 578190
Attorney for Defendant
3445 Peachtree Road, N.E., Ste 500
Atlanta, GA 30326
(404) 365-4516
mpickett@mmatllaw.com

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

DAVID WAYNE STEGALL,                                    Civil Action File No.
                                                        22SC-0433-A

       Plaintiff,

v.

WAL-MART STORES EAST, LP (DELAWARE)
AND ZEBA SAYEDZADA,

       Defendants.

_____/

## ORDER

     It appearing to the Court that by consent of the parties and for good cause

shown, it is hereby:

    ORDERED that Zeba Sayedzada is dismissed without prejudice.

    SO ORDERED this _____ day of _____ 2022.


                             _____
                             Judge Leslie Abernathy Maddox
                             State Court, Forsyth County

🏛 EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**22SC-0433-A**
**Judge Leslie Abernathy-Maddox**
APR 15, 2022 02:57 PM

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

DAVID WAYNE STEGALL,                                   Civil Action File No.
                                                       22SC-0433-A
        Plaintiff,

v.

WAL-MART STORES EAST, LP (DELAWARE)
AND ZEBA SAYEDZADA,

        Defendants.

_____/

## **12-PERSON JURY DEMAND**

COME NOW Defendants, WAL-MART STORES EAST, LP and ZEBA

SAYEDZADA and demand a trial by a jury of twelve (12) persons.

McLAIN & MERRITT, P.C.

*/s/ Mark L. Pickett*
Mark L. Pickett
Georgia Bar No. 578190
Attorney for Defendants
WAL-MART STORES EAST, LP
ZEBA SAYEDZADA

3445 Peachtree Road, N.E., Suite 500
Atlanta GA  30326
(404) 365-4516
(404) 364-3138 (fax)
mpickett@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing **12-PERSON JURY**

**DEMAND** has this day been filed and served upon opposing counsel via

Peachcourt E-File.

This the <u>15th</u> day of April, 2022.

McLAIN & MERRITT, P.C.

*/s/ Mark L. Pickett*

Mark L. Pickett
Georgia Bar No. 578190
Attorney for Defendants
WAL-MART STORES EAST, LP
ZEBA SAYEDZADA

3445 Peachtree Road, N.E., Suite 500
Atlanta GA  30326
(404) 365-4516
(404) 364-3138 (fax)
mpickett@mmatllaw.com